# USDC SCAN INDEX SHEET

















```
R1R     8/3/05     15:12
3:05-CV-00855    GENESIS INTL V. BENNETT
*11*
*NTCF.*
```

LATHAM & WATKINS LLP
   Cynthia H. Cwik (CA Bar 141234)
   Robert J. Blair (CA Bar 199164)
600 West Broadway, Suite 1800
San Diego, CA 92101-3375
Telephone: (619) 236-1234
Facsimile: (619) 696-7419

SUTHERLAND ASBILL & BRENNAN LLP
   John L. North
   John D. Hamann
999 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone: (404) 853-8000
Facsimile: (404) 853-8806

Attorneys for Plaintiff
GENESIS INTERNATIONAL A/S

HIGGS, FLETCHER & MACK LLP
   David R. Clark (CA Bar 081675)
401 West A Street, Suite 2600
San Diego, CA 92101-7913
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Attorneys for Defendant
GRIFFEN MARINE, L.P.

FILED
05 AUG -2 PM 2:17

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESIS INTERNATIONAL A/S,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN T. BENNETT,<br><br>        Defendant. | Case No. 05-CV-0855-R (JMA)<br><br>**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** |

This Joint Preliminary Report and Discovery Plan is submitted pursuant to Federal Rule of Civil Procedure 26(f) and the Court's June 17, 2005 Order. In accordance with Rule 26(f), counsel for Plaintiff Genesis International A/S ("Plaintiff") and counsel for Defendant John T. Bennett ("Defendant") have previously conferred, and jointly today submit the following:

**1.   Summary of Issues and Needed Discovery**

The issues are defined by the claims and defenses in the pleadings. Plaintiff asserts it owns and has the right to enforce U.S. Patent No. 4,708,080 ("the '080 Patent"), which is titled "Composite Thread Line Sails." Plaintiff asserts that Defendant has willfully infringed the '080 patent in violation of 35 U.S.C. § 271 by, *inter alia*, making, using, selling and/or offering to sell the patented invention.

Defendant denies that it infringes the '080 patent. Defendant asserts, *inter alia*, that the '080 patent is invalid, and that Genesis' claims are barred by an express or implied license, the doctrines of equitable estoppel, laches and patent misuse.

**2.   Scope of Discovery and Limitations.**

A.   Scope of discovery shall be defined by the claims and defenses in the pleadings. Discovery will be needed as to Plaintiff's claims, Defendant's defenses, and Plaintiff's claimed damages. There shall be no particular order followed for discovery, except as otherwise agreed to by the parties or ordered by the Court.

B.   The parties agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). Such disclosures shall be made on or before August 30, 2005, pursuant to the Court's June 17, 2005 Order.

C.   The parties have agreed that no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Southern District of California, except as otherwise stipulated by the parties or ordered by the Court.

D.   In addition to the methods of service provided for in the Federal Rules of Civil Procedure and the Local Rules, service can be effectuated by e-mailing PDF versions of the materials (confirmation to be served by U.S. Mail or facsimile) to be served to counsel for the parties. The three-day rule set forth in Federal Rule of Civil Procedure 6(e) shall not apply to

1  this e-mail service, and e-mail service shall be considered as hand delivery for the purpose of

2  determining the date by which a party is required to act or respond within a prescribed period.

3  **3.    Anticipated Motions**

4      At this time, the parties anticipate requesting a Stipulated Protective Order as to certain

5  confidential information pursuant to Rule 26(c). The parties also anticipate requesting

6  consolidation of the above-captioned matter with the action styled *Genesis International A/S v.*

7  *Griffen Marine, L.P.*, Case No. 05-CV-0551-R (JMA).

8  **4.    Discovery and Exchange Schedule**

| | |
|---|---|
| July 29, 2005 | Discovery opens. |
| April 29, 2006 | Fact Discovery Cutoff. |
| 30 days after Fact Discovery Cutoff | The parties shall exchange expert reports on all issues for which they respectively bear the burden of proof. |
| 30 days after the service of initial expert reports | The parties shall serve rebuttal expert reports and/or expert reports on issues as to which the adverse party bears the burden of proof. The parties can begin to take depositions of expert witnesses after this date. |
| 60 days after the service of initial expert reports | Expert Discovery Cutoff. |

    The parties will assess through discovery the timing of claim construction related deadlines, and will provide the Court with a schedule relating to such deadlines to the extent necessary at a later date.

Dated: August 2, 2005                LATHAM & WATKINS LLP


By: _____
    Cynthia H. Cwik
    Attorneys for Plaintiff
    GENESIS INTERNATIONAL A/S

| | |
|---|---|
| 1 | |
| 2 | SUTHERLAND ASBILL & BRENNAN LLP |
| 3 | By: _/s/ (signature) for_ |
| 4 | John D. Hamann<br>Attorneys for Plaintiff |
| 5 | GENESIS INTERNATIONAL A/S |
| 6 | |
| 7 | |
| 8 | HIGGS, FLETCHER & MACK LLP |
| 9 | |
| 10 | By: _David N. Clark 8/2/05_<br>David R. Clark |
| 11 | Attorneys for Defendant |
| 12 | JOHN T. BENNETT |
| 13 | |
| ... | |
| 28 | |

SD\496319.1

4

CASE NO. 05-CV-0855-R (JI)
JOINT PRELIMINARY REPORT
DISCOVERY PI

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 600 West Broadway, Suite 1800, San Diego, California 92101-3375.

On August 2, 2005, I served the following documents described as:

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

### BY U.S. MAIL

☐ I deposited a sealed envelope or package containing the document in accordance with the office practice of Latham & Watkins for collecting and processing documents for mailing. I am familiar with the office practice of Latham & Watkins for collecting and processing documents for mailing. Under that practice, documents are deposited with the Latham & Watkins personnel responsible for depositing documents with the United States Postal Service and such documents are delivered to the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. The sealed envelope or package containing the document was addressed as set forth above.

| | |
|---|---|
| DAVID R. CLARK, ESQ. | JOHN L. NORTH, ESQ. |
| HIGGS FLETCHER & MACK | JOHN D. HAMANN, ESQ. |
| 401 WEST A STREET | SUTHERLAND ASBILL & BRENNAN |
| SUITE 2600 | 999 PEACHTREE STREET, N.E. |
| SAN DIEGO, CA 92101 | ATLANTA, GA 30309 |
| TEL: (619) 236-1551 | TEL: (404) 853-8000 |
| FAX: (619) 696-1410 | FAX: (404) 853-8806 |
| Attorneys for Defendant John T. Bennett | Attorneys for Plaintiff Genesis International A/S |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury that the foregoing is true and correct.

Executed on August 2, 2005, at San Diego, California.

_Pamela P. Lopez_
Pamela P. Lopez